**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

UNITED STATES OF AMERICA,

Plaintiff,

v. Case No. 17-cr-20668

D-2 KRISTOPHER ANDERSON,

Defendant.
_________________________________/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO CHANGE COUNSEL**

Though dated September 19, 2019, on or about January 26, 2023, Defendant filed a "Motion to Change Counsel," essentially alleging that an irreconcilable conflict arose between himself and his counsel when his counsel "verbally assaulted and attacked him." (ECF No. 410, PageID.3783.) On the very same day, Defendant also filed a Notice of Appeal of his September 9, 2019 sentence. (ECF No. 411.) On February 3, 2023, the court resolved to decide the motion without oral argument and further ordered the Government and Defendant's then-counsel to file responses by February 27, 2023. (ECF No. 414.) On February 7, 2023, the Government complied, arguing that the court no longer had jurisdiction over Defendant's motion in light of Defendant's Notice of Appeal and that the motion should be heard instead by the Sixth Circuit Court of Appeals.[1] (ECF No. 415, PageID.3794.) On March 2, 2023, Defendant's

---

[1] The Sixth Circuit has since taken up the issue of counsel. On or about January 27, 2023, the Sixth Circuit ordered Defendant's counsel's appointment extended for the duration of Defendant's appeal. On March 29, 2023, the Sixth Circuit issued an order requiring Defendant to show cause within thirty days as to why his appeal should not be dismissed as untimely. (ECF No. 420.) In that order, the Sixth Circuit noted that the clerk granted appointed counsel's motion to withdraw on March 28, 2023 and further

then-counsel filed his response, denying Defendant's allegation of assault and further requesting that the court grant Defendant's motion. (ECF No. 418, PageID.3801–02.)

Before reaching the merits of a motion, the court must ensure that it has jurisdiction to provide the relief a party requests. *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*., 556 F.3d 459, 465 (6th Cir. 2009). "It is settled law that filing a notice of appeal with the district court divests the district court of jurisdiction to act in a case, except on remedial matters unrelated to the merits of the appeal." *Connell v. Andrews*, No. 3:06-CV-2128, 2009 WL 984476, at * 1 (N.D. Ohio Apr. 10, 2009) (internal quotation omitted). Issues with counsel are not remedial. As such, the court lacks jurisdiction to grant the relief sought and Defendant's motion must be denied.[2] Accordingly,

IT IS ORDERED that Defendant's Motion to Change Counsel (ECF No. 410) is DENIED.

s/Robert H. Cleland /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: April 5, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 5, 2023, by electronic and/or ordinary mail.

s/Lisa Wagner /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\EKL\Opinions & Orders\Criminal\17-20668-2.ANDERSON.MotionToChangeCounsel.EKL.docx

---

indicated that Defendant-Appellant would not be afforded new counsel until certain jurisdictional issues were resolved. (Id.)

[2] Moreover, practically speaking, the Sixth Circuit has resolved the substance of Defendant's motion, making the pending motion substantively moot.